### 10342

#### PRICE v. OUIGA REALTY COMPANY.
#### (101 S. E. 819.)

WILLS—TESTAMENTARY POWER PROPERLY EXERCISED.—Where property was devised for life, then to such persons as the life tenant should appoint in her last will, the power was properly exercised by a provision in the life tenant's will giving all the rest and residue of her estate, whether in possession, remainder or expectancy, etc., to her executor, in trust for charitable purposes, with full power of sale.

Before MEMMINGER, J., Charleston, Summer term, 1919. Affirmed.

Action for specific performance by Thomas J. Price, as executor of the estate of Julia Jugniot against the Ouiga Realty Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Hagood, Rivers & Young, for appellant, submit: That while the tetstatrix in the opening clause of her will did declare her full intention of exercising the power of appointment given to her under the will of her uncle, yet, such power was not executed by the use of the following language: "All the rest and residue of my estate of which I may die seized and possessed of or which I may hereafter acquire, both real and personal, of every kind and descrip-*

*tion, whatsoever, whether in possession, remainder or expectancy, I give to my executor, in trust to build a memorial wing at the St. Frances Xavier Infirmary, to endow two rooms, said wing to be known as the Julia Jugnot Memorial, the wing to be built first and the balance remaining to be used for endowing the two rooms. Lastly, I nominate, constitute and appoint my friend, Thos. J. Price, executor of this my last will and testament, giving and granting him full power to sell any or all of my estate, both real and personal, and to execute any instrument in writing that may be necessary to carry out this my last will and testament and to confirm the sale of property left me under the will of my uncle, Etienne Poincignon:* 14 S. C. 528.

*Messrs. Ficken & Erckman,* for respondent, submit: *A general power of appointment is deemed in equity a part of one's estate:* 112 U. S., at page 352. *Even if this were not so, the property passes under the terms of testatrix's will:* 14 S. C. 528; Perry on Trusts, 3d Edition, vol. II, section 511; 98 Mass., p. 270. *The whole question is one of intention:* 16 S. C. 564; 36 S. C. 438.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action for specific performance of a contract for the sale of a house and lot. Defendant is willing to perform if plaintiff can make a good title, but questions the title on the sole ground that the power of appointment, which was conferred upon plaintiff's testatrix by the will of Etienne Poincignon, was not exercised, so as to vest the title in plaintiff.

In 1873, Etienne Poincignon devised the property to Julia Jugnot for life, remainder to her children or grandchildren, and in case of her death, leaving no child or grandchildren (which contingency happened), then "to such person or

persons as the said Julia Jugnot, by her last will and testa-
ment in writing, * * * shall appoint." Julia Jugnot died
in 1917, leaving of force her last will and testament, which
was duly executed in 1913, the relevant provisions of which
are as follows:

"All the rest and residue of my estate of which I may die
seized and possessed of, or which I may hereafter acquire,
both real and personal, of every kind and description, what-
soever, whether in possession, remainder or expectancy, I
give to my executor, in trust to build a memorial wing at the
St. Francis Xavier Infirmary, to endow two rooms, said
wing to be known as the Julia Jugnot Memorial, the wing
to be built first and the balance to be used for endowing two
rooms.

"Lastly, I nominate, constitute and appoint my friend,
Thomas J. Price, executor of this my last will and testa-
ment, giving and granting him full power to sell any or all
of my estate, both real and personal, and to execute any
instrument in writing that may be necessary to carry out
this my last will and testament and to confirm the sale of
property left me under the will of my uncle, Etienne Poin-
cignon."

Defendant concedes that the foregoing provisions express
clearly enough the intention of the testatrix to execute the
power conferred upon her by her uncle's will, but contends
that, notwithstanding such declaration of her intention, she
failed to carry it out by the use of appropriate language
appointing any person to succeed to the devise. That con-
tention is based on the use in her will of the words "my
estate" as descriptive of the property devised, when she had
no other than a life estate in the house and lot, which, of
course, she could not dispose of by her will, and also upon
the construction of the power contained in her uncle's will,
under which she had no remainder or expectancy, but only
in the house and lot a life estate, and the power of appoint-

ing the person or persons who should succeed to it, upon the determination of her life estate.

Defendant's construction is too literal and technical. It fails to give effect to the necessary implication arising from the language quoted, from which the intention to appoint her executor to succeed to the estate appears with sufficient clearness to make it effective as a valid execution of the power.

Testatrix appoints the plaintiff executor of her will, "with power to confirm the sale of property left me under the will of my uncle, Etienne Poincignon." The house and lot was the only property left her under the will of her uncle. It necessarily follows that her intention was to appoint her executor to succeed to the estate; for otherwise he could not sell it and use the proceeds as she directed. Such being her intention, the power was well executed, and plaintiff can make a good title. This construction is fully sustained by the cases of *Bilderback v. Boyce,* 14 S. C. 528, *Moody v. Tedder,* 16 S. C. 557, and *Burkett v. Whittmore,* 36 S. C. 428, 15 S. E. 616.

Judgment affirmed.